**LOEB & LOEB LLP**
John A. Piskora (JP-1224)
Peter Pottier (PP-0362)
345 Park Avenue
New York, New York 10154
(212) 407-4000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                                              :
EDWIN DIAZ, on behalf of himself and all
others similarly situated,                        :    Index No. 1:18-cv-07588 (VEC)
                                              :
                      Plaintiff,                    :    **DEFENDANT'S ANSWER TO**
                                                     **CLASS ACTION COMPLAINT**
                  v.                                    :
                                              :
HANESBRANDS, INC., d/b/a HANES,      :    **DEMAND FOR JURY TRIAL**
                                              :
                      Defendant.                 :
                                              :
---------------------------------------------------------- X

Defendant Hanesbrands Inc. d/b/a Hanes ("Defendant") hereby answers the Complaint in this action (the "Complaint") as follows:

**INTRODUCTION**

1.     In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.     In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant admits only that it operates a website located at <http://www.hanes.com>. As to the remaining allegations, Defendant denies all of them, and refers this Court to the website for a true and accurate representation of its content.

## JURISDICTION AND VENUE

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation

## THE PARTIES

11. In response to the first sentence of Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation. In response to the second sentence of

Paragraph 11 Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## NATURE OF THE ACTION

14. In response to Paragraph 14 of the Complaint, Defendant admits only that it operates a website located at <http://www.hanes.com> and that, generally, people with access to the internet can access the website. As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them. Defendant also refers this Court to the website for a true and accurate representation of its content.

15. In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17. In response to Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

19. In response to Paragraph 19 and all subparts of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

## **STATEMENT OF FACTS**

<u>Defendant's Barriers on Its Website</u>

20. In response to Paragraph 20 of the Complaint, Defendant admits only that it operates a website located at <http://www.hanes.com> and that people with access to the internet can access the website.

21. In response to Paragraph 21 of the Complaint, Defendant admits only that it operates a website located at <http://www.hanes.com> and that people with access to the internet can access the website.

22. In response to Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

23. In response to Paragraph 23 of the Complaint, Defendant admits only that it operates a website located at <http://www.hanes.com> and that, generally, people with access to the internet can access the website.

24. In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27. In response to Paragraph 27 and all subparts of the Complaint, Defendant denies each and every allegation.

Defendant Must Remove Barriers To Its Website

28. In response to Paragraph 28 of the Complaint, Defendant denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32. In response to Paragraph 32 and all subparts of the Complaint, Defendant denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35. In response to Paragraph 35 and all subparts of the Complaint, Defendant denies each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation.

## CLASS ACTION ALLEGATIONS

40. In response to Paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

41. In response to Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

42. In response to Paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

43. In response to Paragraph 43 and all subparts of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

44. In response to Paragraph 44 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

45. In response to Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

46. In response to Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47. In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE ADA, 42 U.S.C. § 1281 *et seq.*

48. In response to Paragraph 48 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 47 of this Answer.

49. In response to Paragraph 49 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

50. In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51. In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52. In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53. In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54. In response to Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

55. In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE NYSHRL

56. In response to Paragraph 56 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 55 of this Answer.

57. In response to Paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

58. In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59. In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60. In response to Paragraph 60 of the Complaint, Defendant denies each and every allegation.

61. In response to Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62. In response to Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63. In response to Paragraph 63 of the Complaint, Defendant denies each and every allegation.

64. In response to Paragraph 64 and all subparts of the Complaint, Defendant denies each and every allegation.

65. In response to Paragraph 65 of the Complaint, Defendant denies each and every allegation.

66. In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

67. In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68. In response to Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69. In response to Paragraph 69 of the Complaint, Defendant denies each and every allegation.

70. In response to Paragraph 70 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation, except avers that Plaintiff purports to seek a judgment.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE CIVIL RIGHTS LAW

71. In response to Paragraph 71 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 70 of this Answer.

72. In response to Paragraph 72 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

73. In response to Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

74. In response to Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75. In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76. In response to Paragraph 76 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

77. In response to Paragraph 77 of the Complaint, Defendant denies each and every allegation.

78. In response to Paragraph 78 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

79. In response to Paragraph 79 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

80. In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81. In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82. In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE NYCHRL

83. In response to Paragraph 83 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 82 of this Answer.

84. In response to Paragraph 84 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

85. In response to Paragraph 85 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

86. In response to Paragraph 86 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

87. In response to Paragraph 87 of the Complaint, Defendant denies each and every allegation.

88. In response to Paragraph 88 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

89. In response to Paragraph 89 and all subparts of the Complaint, Defendant denies each and every allegation.

90. In response to Paragraph 90 of the Complaint, Defendant denies each and every allegation.

91. In response to Paragraph 91 of the Complaint, Defendant denies each and every allegation.

92. In response to Paragraph 92 of the Complaint, Defendant denies each and every allegation.

93. In response to Paragraph 93 of the Complaint, Defendant denies each and every allegation.

94. In response to Paragraph 94 of the Complaint, Defendant denies each and every allegation.

95. In response to Paragraph 95 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation, except avers that Plaintiff purports to seek a judgment.

## FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF

96. In response to Paragraph 96 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 95 of this Answer as set forth above.

97. In response to Paragraph 97 of the Complaint, Defendant denies each and every allegation.

98. In response to Paragraph 98 of the Complaint, Defendant denies each and every allegation.

**PRAYER FOR RELIEF**

In response to the Prayer for Relief following Paragraph 98 of the Complaint, Defendant denies each and every allegation contained therein, and denies that Plaintiff is entitled to any relief. In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Lack of Standing)

1. Plaintiff lacks standing to pursue his alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a *bona fide* patron, he never attempted to access Defendant's website, and/or he does not intend to access Defendant's website in the future.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2. Plaintiff's claims are barred to the extent they are based on visits to the subject website beyond the applicable Statute of Limitations.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

3. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

### (Effective Access)

4. The alleged barriers provided effective access to Plaintiff. Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint was *de minimis*, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website, and/or Plaintiff could have called or visited one of Defendant's physical locations to obtain the information allegedly sought.

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services Via Alternative Methods)

5. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a *bona fide* patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

7. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with applicable

standards, if any applicable standards exists, for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

8.  Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal, or state law, and any requirements to make those changes would impose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

9.  Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10. Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack his damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

11. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

### TWELFTH AFFIRMATIVE DEFENSE

### (Removal of Access Barriers Not Readily Achievable)

12. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was/is not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

13. The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

14. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

15. Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any exist, and/or, the website is usable and accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

16.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*Forum Non Conveniens*)

17.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or *forum non conveniens*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

18.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an improper venue.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Ripeness/Lack of Due Process)

19.     Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites (as explained further in the attached letters from certain members of Congress, certain members of the Senate, and certain State Attorney Generals).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

20.     Plaintiff's claims are barred under the doctrine of primary jurisdiction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Communications Decency Act)

21. Defendant is immune from liability for the claims in Plaintiff's Complaint pursuant to Section 230 of the Communications Decency Act to the extent that the content on Defendant's website is third party content not under Defendant's control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Stacking)

22. Plaintiff's claim against Defendant is barred in whole or in part because the damages sought by Plaintiff constitute an impermissible "stacking" of alleged violations without any reasonable expectation that any alleged access barriers encountered would have been removed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

23. Plaintiff's claim against Defendant is barred in whole or in part by the doctrine of laches. Plaintiff is barred from any recovery against Defendant by reason of his undue delay in giving notice to Defendant of the matters alleged in the Complaint and in commencing this litigation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Other Defenses)

24. Defendant has insufficient knowledge or information as to whether it has additional, as yet unknown, affirmative defenses and Defendant reserves the right to assert such defenses in the event that it determines any such defense is proper.

## CLAIM FOR ATTORNEYS' FEES

Defendant has retained the law firm of Loeb & Loeb, LLP and has agreed to pay for their services. Defendant is entitled to recover its attorneys' fees and costs incurred in this action.

## DEFENDANT'S PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

4. For such further and other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Defendant hereby respectfully requests a trial by jury of all issues so triable.

Dated: New York, New York
November 19, 2018

LOEB & LOEB LLP

By: */s/ John A. Piskora*
John A. Piskora (JP-1224)
Peter Pottier (PP-0362)
345 Park Avenue
New York, NY 10154
(212) 407-4000

*Attorneys for Defendant Hanesbrands Inc.*