

Joseph H. Mizrahi – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: joseph@cml.legal | W: cml.legal

**BY ECF**
Honorable Judge Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *Edwin Diaz v. Hanesbrands Inc.; Case No. 1:18-cv-07588-VEC*

To the Honorable Judge Caproni,

    This firm represents the Plaintiff. We submit this joint letter and proposed Case Management Plan on behalf of all parties in anticipation of the November 30, 2018, 10:00 a.m., Initial Pre-trial Conference.

**1.  Brief Statement of the Nature of the Case**

    Plaintiff: This lawsuit concerns whether Defendants are violating the Americans with Disabilities Act, New York State Human Rights Law, New York, City Human Rights Law and New York State Civil Rights Law by not making their website equally accessible to the visually impaired. Defendants own and operate the website *www.hanes.com.* Their website is a gateway to and heavily integrated with their physical locations: listing the store's locations and operation hours; allowing customers to browse their products and learn information about the store's physical locations and special offers.

    Plaintiff Diaz is legally blind and cannot use a computer without the assistance of screen-reading software. Defendants' website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff Diaz encountered multiple barriers that denied him access to the website and physical locations equal to sighted individuals. He could not, for example, learn where the stores are located or their hours of operation, thereby deterring him from visiting the facilities.

    In the Complaint, Plaintiff Diaz asserts Defendants' physical locations and website are a "place of public accommodation," and the website is also a "service of those physical places of public accommodation" under the ADA, NYSHRL and NYCHRL. He further asserts Defendants are violating these statutes by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment of the goods and services of the website.

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. See *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, every District Court within the Second Circuit to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of a place of public accommodation under Title III of the ADA. See *Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC*, No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1 2017) (Weihstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-CV-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held a company violates the ADA when it fails to make their websites equally accessible to the visually impaired as it denies them full and equal opportunity to enjoy the services of the website and physical structures. Id.

<u>Defendant</u>:  Defendant Hanesbrands, Inc. operates the website www.hanes.com.  Contrary to Plaintiff's boilerplate claims asserted herein, Defendant's website does not violate any federal or state statute (concerning accessibility to the visually impaired or otherwise).  Indeed, Plaintiff's allegations do not rest upon any statutory provision or requirement, but rather upon proposed "industry standards" which are not actionable.

Further, Plaintiff is not a *bona fide* patron of Defendant's website, but rather a serial litigant.  Thus, Plaintiffs status raises a number of legal defenses both to the alleged claims, but also the litigation of this matter as a putative class action.

## 2. <u>Brief Statement Regarding Subject Matter Jurisdiction and Venue.</u>

<u>Plaintiff</u>: This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the plaintiff's New York State Human Rights Law, N.Y. Exec. Law article 15, (NYSHRL), New York State Civil Rights Law article 4 (NYSCRL), and New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff resides in this district, the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

<u>Defendant:  Defendant has preserved its right to make a motion based upon improper venue following appropriate discovery.</u>

## 3. <u>Contemplated Motions</u>

<u>Plaintiff</u>: Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification.

<u>Defendant</u>:  Defendant believes that Plaintiff's claims, and each of them, are ripe for

dismissal on summary judgment following the close of fact discovery, and Defendants anticipates filing such a motion.

**Description of Discovery Exchanged.**

The parties have not yet exchanged discovery.

**4.   Computation of each category of damages claimed.**

Plaintiff:  Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to the plaintiff and the proposed subclasses for violations of their rights under the NYSHRL, NYSCRL, and NYCHRL.

Defendant:  Defendant does seek compensatory or punitive damages.

**5.   Status of Settlement Discussions.**

The parties have discussed settlement and are exploring the possibility of early resolution.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.

Enclosure

Cc:    John A. Piskora (Via ECF)